EXHIBIT A

# Closing USA, LLC

## SCHEDULE A

## DESCRIPTION OF MORTGAGED PREMISES

Title No.: **DS190056758**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southwesterly side of Cheney Avenue distant 140 feet Southeasterly from the corner formed by the intersection of the southwesterly side of Crandall Avenue and the southwesterly side of Cheney Street;

RUNNING THENCE Southeasterly along the southwesterly side of Cheney Street, 40 feet;

THENCE Southwesterly parallel with the southeasterly side of Crandall Avenue, 180 feet;

THENCE Northwesterly parallel with the southwesterly side of Cheney Avenue, 40 feet;

THENCE Northeasterly parallel with the southeast side of Crandall Avenue, 180 feet to the northwesterly side of Cheney Avenue, to the point or place of BEGINNING.

**EXHIBIT B**

AURORA LOAN #



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2006083100330002002E090C

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 14

| | |
|---|---|
| Document ID: 2006083100330002 | Document Date: 08-22-2006 | Preparation Date: 08-31-2006 |

Document Type: MORTGAGE
Document Page Count: 13

| PRESENTER: | RETURN TO: |
|---|---|
| MILLENNIUM ABSTRACT, CORP. | RELIABLE MORTGAGE BANKERS CORP. |
| 35 NORTH TYSON AVE/ MA-15868-COM-Q | 1999 MARCUS AVENUE, SUITE 212 |
| HOLD FOR PICK UP | LAKE SUCCESS, NY 11042 |
| FLORAL PARK, NY 11001 | |
| 516-355-0800 | |
| JISRAEL@MABSTRACT.COM | |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| QUEENS | 12992 | 28 | Entire Lot | | 135-18 CHENEY STREET |

Property Type: DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN _____ or Document ID_____ or _____ Year_____ Reel ____ Page _____ or File Number_____

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| MAMADU I. BARRIE | MORTGAGE ELECTRONIC REGISTRATION |
| 135-18 CHENEY STREET | SYSTEMS, INC. |
| JAMAICA, NY 11434 | P.O. BOX 2026 |
| | FLINT, MI 48501-2026 |

### FEES AND TAXES

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 69,500.00 | Recording Fee: $ | 102.00 |
| Taxable Mortgage Amount: | $ | 69,500.00 | Affidavit Fee: $ | 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax Filing Fee: | |
| TAXES: County (Basic): | $ | 347.50 | $ | 0.00 |
| City (Additional): | $ | 781.88 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | $ | 0.00 |
| TASF: | $ | 173.75 | |
| MTA: | $ | 178.50 | |
| NYCTA: | $ | 0.00 | |
| Additional MRT: | $ | 0.00 | |
| TOTAL: | $ | 1,481.63 | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed        10-03-2006 10:30
City Register File No.(CRFN):
                    2006000553708

*Annette M Hill*

*City Register Official Signature*

Mortgage Recording Tax:

After Recording Return To:
RELIABLE MORTGAGE BANKERS CORP.
1999 MARCUS AVENUE, SUITE 212
LAKE SUCCESS, NEW YORK 11042
Loan Number: 0706088A

_____ [Space Above This Line For Recording Data] _____

# MORTGAGE

MIN: 

### WORDS USED OFTEN IN THIS DOCUMENT
(A) "Mortgage." This document, which is dated AUGUST 22, 2006 , will be called the "Mortgage."

(B) "Borrower." MAMADU I. BARRIE

whose address is 135-18 CHENEY STREET, JAMAICA, NEW YORK 11434
sometimes will be called "Borrower" and sometimes simply "I" or "me."

(C) "Lender." RELIABLE MORTGAGE BANKERS CORP., A NEW YORK CORPORATION
will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of NEW YORK . Lender's address is
1999 MARCUS AVENUE, SUITE 212, LAKE SUCCESS, NEW YORK 11042

(D) "Note." The junior lien note signed by Borrower and dated AUGUST 22, 2006 , and extensions and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $ 69,500.00
plus interest, which I have promised to pay in full by SEPTEMBER 1, 2036 .
(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the "Property."
(F) "MERS." Mortgage Electronic Registration Systems, Inc. will be called "MERS." MERS is a separate corporation that is acting solely as a nominee for Lender [as defined in (C) above] and Lender's successors and assigns, as the beneficiary of this Mortgage. MERS is a corporation which exists under the laws of Delaware. The address and telephone number of MERS are P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.**

Section:          Block: 12992   Lot(s)/Unit No(s).: 28

NEW YORK-SECOND MORTGAGE-1/80
Form 3833 - AS AMENDED FOR MERS          Page 1 of 10          DocMagic *CFerms* 800 649 1362
www.docmagic.com

Ny3833 mzm

# MILLENNIUM ABSTRACT CORP
## as agent for
### Commonwealth Land Title Insurance Company

**LOAN POLICY**

**SCHEDULE A DESCRIPTION**

Title Number:   **MA-15868-COM-Q**                              Policy Number: **H65-0561485**

All that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southwesterly side of Cheney Avenue distant 140 feet Southeasterly from the corner formed by the intersection of the southwesterly side of Crandall Avenue and the Southwesterly side of Cheney Street;

RUNNING THENCE Southeasterly along the Southwesterly side of Cheney Street, 40 feet;

THENCE Southwesterly parallel with the Southeasterly side of Crandall Avenue, 180feet;

THENCE Northwesterly parallel with the Southwesterly side of Cheney Avenue, 40 feet;

THENCE Northeasterly parallel with the Southeast side of Crandall Avenue, 180 feet to the Northwesterly side of Cheney Avenue, to the point or place of BEGINNING.

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS, (solely as nominee for Lender and Lender's successors and assigns), subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by me in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), as the beneficiary of this Mortgage, has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:

(A)   Pay all the amounts that I owe Lender as stated in the Note;

(B)   Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property; and

(C)   Keep all of my promises and agreements under this Mortgage.

With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a homestead exemption.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the following Property:

(A)   The property which is located at 135-18  CHENEY  STREET

[Street]

JAMAICA                                   NY  11434
        [City]                         [State and Zip Code]

This Property is in                                       QUEENS   County in the State of New York.

It has the following legal description:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".

(B)   All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;

(C)   All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";

(D)   All rights or royalties from the property described in paragraph (A) of this section; and

(E)   All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

**BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I am fully responsible for any losses which Lender suffers because, as a result of something I have done someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

UNIFORM PROMISES. I promise and I agree with Lender as follows:

1. **Borrower's Promise to Pay Principal and Interest under the Note and to Fulfill Other Payment Obligations.** I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **Agreements about Monthly Payments for Taxes and Insurance.**

(A) **Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance.**

I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

The amount of each of my payments under this Paragraph 2 will be the sum of the following:

(i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

(ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

(iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

(B) **Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance.**

Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

**3.   Application of Borrower's Payments.**

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A)  First, to pay the amounts then due to Lender under Paragraph 2 above;

(B)  Next, to pay interest then due under the Note; and

(C)  Next, to pay principal then due under the Note.

**4.   Borrower's Obligation to Pay Prior Mortgages, Charges and Assessments and to Satisfy Claims Against the Property.** I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

**5.   Borrower's Obligation to Obtain and to Keep Hazard Insurance on the Property.** I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

**6.   Borrower's Obligation to Maintain the Property and to Fulfill Obligations in Lease and Condominium and Pud Documents.** I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will now allow the Property to deteriorate. If I do not own but am a tenant on the Property. I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7. **Lender's Right to Take Action to Protect the Property.** If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

8. **Lender's Right to Inspect the Property.** Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

9. **Agreements about Condemnation of the Property.** A taking of property by any governmental authority by eminent domain is known as "condemnation". I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

10. **Borrower's Obligations to Pay Mortgage Insurance Premiums.** If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

11. **Continuation of Borrower's Obligations.** Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

12. **Continuation of Lender's Rights.** Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **Lender's Ability to Enforce More than One of Lender's Rights.** Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

14. **Obligations of Borrowers and of Persons Taking over Borrower's Rights or Obligations.** Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

15.   **Agreement about Giving Notices Required under this Mortgage.** Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

16.   **Law That Governs this Mortgage.** The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs", "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

17.   **Borrower's Copy of the Note and of this Mortgage.** I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

18.   **Rehabilitation Loan Agreement.** I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

19.   **Agreements about Lender's Rights If the Property Is Sold or Transferred.** Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

**NON-UNIFORM PROMISES.** I also promise and agree with Lender as follows:

20.   **Lender's Rights If Borrower Fails to Keep Promises and Agreements.** If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may

NEW YORK-SECOND MORTGAGE-1/80
Form 3833 - AS AMENDED FOR MERS                    Page 6 of 10                    DocMagic *Ra;emms* 800 649-1362
www.docmagic.com

do this without making any further demand for payment. This requirement will be called "Immediate Payment In Full."

If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:

(A)   I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B)   Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:

    (i)   The promise or agreement that I failed to keep;

    (ii)   The action that I must take to correct that failure;

    (iii)   A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;

    (iv)   That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;

    (v)   That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and

    (vi)   That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C)   I do not correct the failure stated in the notice from Lender by the date stated in that notice.

21.   **Borrower's Right to Have Lender's Lawsuit for Foreclosure and Sale Discontinued.** Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A)   I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

(B)   I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C)   I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D)   I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

22.   **Lender's Rights to Rental Payments from the Property and to Take Possession of the Property.** As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under

this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

**23.   Lender's Obligation to Discharge this Mortgage When the Note and this Mortgage Are Paid in Full.** When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Mortgage, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**24.   Agreements about New York Lien Law.** I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

**25.   Borrower's Statement Regarding the Property  [Check Box as Applicable].**

☐   This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☒   This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐   This Security Instrument does not cover real property improved as described above.

**26.   The following Riders are to be executed by Borrower.  [check box as applicable]:**

☐ Adjustable Rate Rider        ☐ Condominium Rider                     ☐ Second Home Rider
☐ Balloon Rider                ☐ Planned Unit Development Rider        ☐ Other(s) [specify]
☒ 1-4 Family Rider             ☐ Biweekly Payment Rider

## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment In Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 9 of this Mortgage.

_____ (Seal)
MAMADU I. BARRIE          -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

Witness:

Witness:

_____

_____

NEW YORK-SECOND MORTGAGE-1/80
Form 3833 - AS AMENDED FOR MERS          Page 9 of 10          DocMagic eForms 800-649-1362
www.docmagic.com

State of New York                                    )
                                                     ) ss.
County of QUEENS Nassau                              )

    On the 22 day of August                    , in the year 2006 , before me.
the undersigned, personally appeared MAMADU I. BARRIE

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)
is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of
which the individual(s) acted, executed the instrument.

                                                    _____
                                                    Notary Public State of New York

                                                    _____
                                                    Print or Type Name

        (Seal, if any)                              My commission expires:

Tax Map Information No.:

                                    DEIRDRE B. LEVY
                            Notary Public, State of New York
                                    No. 01LE6045892
                                Qualified in Nassau County
                            Commission Expires June 12, 20___          SEA

NEW YORK-SECOND MORTGAGE-1/80
Form 3833 - AS AMENDED FOR MERS          Page 10 of 10          DocMagic eForms 800-649-1362
                                                                www.docmagic.com

Ny3833.mzm

Loan Number:

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this **22nd** day of **AUGUST** **2006** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **RELIABLE MORTGAGE BANKERS CORP., A CORPORATION**

(the "Lender")

of the same date and covering the property described in the Security Instrument and located at:
**135-18 CHENEY STREET, JAMAICA, NEW YORK 11434**
[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property".

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Uniform Covenant 18 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant

to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. **CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

| | | |
|---|---|---|
| _Mamadu I. Barrie_ (Seal) | | _____ (Seal) |
| MAMADU I. BARRIE   Borrower | | Borrower |
| _____ (Seal) | | _____ (Seal) |
| Borrower | | Borrower |
| _____ (Seal) | | _____ (Seal) |
| Borrower | | Borrower |

MULTISTATE 1-4 FAMILY RIDER - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT     FORM 3170  9/90
Document Systems, Inc. (800) 649-1362                          Page 2 of 2

**EXHIBIT C**

MIN.                              **NOTE**        Loan Number

AUGUST 22, 2006                  LAKE SUCCESS              NEW YORK
Date                                  City                    State


135-18 CHENEY STREET, JAMAICA, NEW YORK 11434
Property Address                    City           State        Zip Code


### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 69,500.00      (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is RELIABLE MORTGAGE BANKERS CORP., A CORPORATION

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of      11.500 %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $688.25

I will make my payments on the 1st   day of each month beginning on OCTOBER 1, 2006    . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on SEPTEMBER 1, 2036    , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 1999 MARCUS AVENUE, SUITE 212, LAKE SUCCESS, NEW YORK 11042

or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000 % of my overdue payment, but not less than U.S. $N/A     and not more than U.S. $N/A        . I will pay this late charge only once on any late payment.

(B) Notice From Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

---

NEW YORK-SECOND MORTGAGE
3933

Page 1 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

**(D)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5.  THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated AUGUST 22, 2006                , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 6.  BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7.  BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8.  GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9.  RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Default in the payment of this loan agreement may result in the loss of the property securing the loan. Under federal law, you may have the right to cancel this agreement. If you have this right, the creditor is required to provide you with a separate written notice specifying the circumstances and times under which you can exercise this right.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
MAMADU I. BARRIE                 -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower

                                                            *[Sign Original Only]*


PAY TO THE ORDER OF:
 WITHOUT RECOURSE

RELIABLE MORTGAGE BANKERS CORP., A CORPORATION

BY: _____

ITS:

NEW YORK-SECOND MORTGAGE
3933                          Page 3 of 3          DocMagic eForms 800-649-1362
                                                   www.docmagic.com

STATE OF NEW YORK )
                        ) Ss.
COUNTY OF Queens) Nassau

On 22nd day of August, 2006, before me the undersigned, a notary public in and for said state, personally appeared Mamadu I. Barrie personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

DEIRDRE B. LEVY
Notary Public, State of New York
No. 01LE5045092
Qualified in Nassau County
Commission Expires June 12, 20

Loan: _____        _____

# ENDORSEMENT ALLONGE

Allonge to that certain note dated:   _8/22/06_

in the amount of $  _69,500.00_

from   _Mamadu  I  Barria_

_____

to RELIABLE MORTGAGE BANKERS CORP.

Pay to the order of      LEHMAN BROTHERS BANK FSB
_____

Without Recourse

This _____

RELIABLE MORTGAGE BANKERS CORP.

By: _Shahriar Homapour_

    NAME: _SHAHRIAR HOMAPOUR_

    ITS: _PRESIDENT_

PAY TO THE ORDER OF
Bucks Financial V, LLC
WITHOUT RECOURSE
LEHMAN BROTHERS HOLDINGS INC.
BY: _____
PAUL E. SVEEN
AUTHORIZED SIGNATORY

PAY TO THE ORDER OF
LEHMAN BROTHERS HOLDINGS INC.
WITHOUT RECOURSE
LEHMAN BROTHERS BANK, FSB
BY: _____
RICK W. SKOGG

# Allonge to the Note

**Loan #** . . . .

**Previous Loan**

**Borrower (s):** MAMADU I BARRIE

**Date of Note:** 08/22/2006

**Loan Amount:** $69,500.00

**Property Address:** 135-18 CHENEY STREET, JAMAICA, NY 11434

For value received, I hereby transfer, endorse and assign the within Note and Deed of Trust/Mortgage securing the same, so far as the same pertains to said Note.

Pay to the order of: **RCS RECOVERY SERVICES, LLC** without recourse.

**Bucks Financial V, LLC**
By RCS Recovery Services, LLC as attorney in fact

Natalie Compas, Authorized Signer

# Allonge to the Note

**Loan #:** ~~.~~

**Previous Loan #:** 9001464

**Borrower (s):** MAMADU BARRIE

**Date of Note:** 8/22/2006

**Loan Amount:** $69,500.00

**Property Address:** 13518 CHENEY ST, JAMAICA, NY 11434

For value received, I hereby transfer, endorse and assign the within Note and Deed of Trust/Mortgage securing the same, so far as the same pertains to said Note.

Pay to the order of: _____Windward Bora LLC_____ without recourse.

**RCS RECOVERY SERVICES, LLC**

Natalie Compas, Authorized Signer

**EXHIBIT D**

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2019111500663001001E7346

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

| | |
|---|---|
| Document ID: 2019111500663001 | Document Date: 05-26-2015 |
| Document Type: ASSIGNMENT, MORTGAGE | Preparation Date: 11-15-2019 |
| Document Page Count: 1 | |

**PRESENTER:**
RICHMOND MONROE
82 JIM LINEGAR LANE
BRANSON WEST, MO 65737
SUPPORT@SIMPLIFILE.COM

**RETURN TO:**
RICHMOND MONROE GROUP INC
PO BOX 458
KIMBERLING CITY, MO 65686
SUPPORT@SIMPLIFILE.COM

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 12992 | 28 | Entire Lot | 135-18 CHENEY STREET |
| | Property Type: DWELLING ONLY - 1 FAMILY | | | |

## CROSS REFERENCE DATA

CRFN: 2006000553708

## PARTIES

**ASSIGNOR/OLD LENDER:**
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
PO BOX 2026
FLINT, MI 48501

**ASSIGNEE/NEW LENDER:**
BUCKS FINANCIAL V, LLC
3959 WELSH RD., SUITE 363
WILLOW GROVE, PA 19090

☒ Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 42.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed          11-19-2019 10:22
City Register File No.(CRFN):
          2019000376108

*Annette M Hill*
*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2019111500663001001C71C6

| RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION) | PAGE 2 OF 3 |
|---|---|

**Document ID: 2019111500663001**   Document Date: 05-26-2015   Preparation Date: 11-15-2019
Document Type: ASSIGNMENT, MORTGAGE

**PARTIES**

**ASSIGNOR/OLD LENDER:**
RELIABLE MORTGAGE BANKERS CORP
PO BOX 2026
FLINT, MI 48501

Recording Requested By:
RICHMOND MONROE GROUP, INC

**When Recorded Return To:**
CROSBY CAPITAL, LLC/Kaleena Ogo
P.O. BOX 458
KIMBE~~~~ ~~~ ~~~ ~~ 55686
Ref#:                            1

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

## CORPORATE ASSIGNMENT OF MORTGAGE

Queens, New York   REFERENCE #: 216979   "BARRIE"
INVESTOR #: SMA FINANCE,LLC
MERS #: 1004048-0000000327-0  VRU #: 1-888-679-8377

Assignment Prepared on: May 13th, 2015.

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR RELIABLE
MORTGAGE BANKERS CORP., A NEW YORK CORPORATION at P.O. BOX 2026, FLINT, MI 48501-2020.
Assignee: BUCKS FINANCIAL,LLC  at  3959 WELSH RD., SUITE 363, WILLOW GROVE, PA 19090.

Executed By: MAMADU I. BARRIE  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE
FOR RELIABLE MORTGAGE BANKERS CORP., A NEW YORK CORPORATION, ITS SUCCESSORS AND
ASSIGNS
Date of Mortgage: 08/22/2006 Recorded:  08/31/2006  In Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.:
2006000553708 In Queens County , State of New York.

District/Section/Block/Lot: -12992-28

Property Address:  135-18 CHENEY STREET, JAMAICA, NY 11434

   This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having
an original principal sum of $69,500.00 with interest, secured thereby, together with all moneys now owing or that
may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants
and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the
Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject
to the terms contained in said Mortgage.  IN WITNESS WHEREOF, the assignor has executed these presents the
day and year first above written:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
On 5/26/2015

By:
Robert Madden, Assistant Secretary

```
| A Notary public or other officer completing this     |
| certificate verifies only the identity of the        |
| individual who signed the document to which this     |
| certificate is attached, and not the truthfulness,   |
| accuracy, or validity of that document.              |
```

STATE OF CALIFORNIA
COUNTY OF ORANGE

On  5/26/15      , before me, Thanh Vo, a Notary Public in and for ORANGE in the State of CALIFORNIA,
personally appeared Robert Madden, Assistant Secretary, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County
of ORANGE, State of CALIFORNIA.I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal,

Thanh Vo
Notary Expires: 08/14/2018 #2077767
Orange, California
(This area for notarial seal)

THANH VO
COMMISSION # 2077767
Notary Public - California
ORANGE COUNTY
My Comm. Expires Aug 14 2018

*CH*CHAMRC*06/23/2014 11 29 00 AM* AMRCO5AMRCA0000000000000704372* NYQUEEN* 216979 NYSTATE_MORT_ASSIGN_ASSN *TW1*TW1AMRC*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2019111500663002001E7302

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 2

| | |
|---|---|
| Document ID: 2019111500663002 | Document Date: 02-08-2019 | Preparation Date: 11-15-2019 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 1

**PRESENTER:**
RICHMOND MONROE
82 JIM LINEGAR LANE
BRANSON WEST, MO 65737
SUPPORT@SIMPLIFILE.COM

**RETURN TO:**
RICHMOND MONROE GROUP INC
PO BOX 458
KIMBERLING CITY, MO 65686
SUPPORT@SIMPLIFILE.COM

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 12992 | 28 | Entire Lot | 135-18 CHENEY STREET |

Property Type: DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN: 2006000553708

### PARTIES

**ASSIGNOR/OLD LENDER:**
BUCKS FINANCIAL V, LLC
228 PARK AVE S #28282
NEW YORK, NY 10003

**ASSIGNEE/NEW LENDER:**
RCS RECOVERY SERVICES LLC
600 FAIRWAY DRIVE STE 108
DEERFIELD BEACH, FL 33441

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 42.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed          11-19-2019 10:22
City Register File No.(CRFN):
                       2019000376109

*Annette M Hill*

*City Register Official Signature*

Recording Requested By:
RCS RECOVERY SERVICES, LLC

**When Recorded Return To:**
CROSBY CAPITAL, LLC/Kaleena Ogo
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: 0008000000000188 / 158121

**\*158121-A\***

## CORPORATE ASSIGNMENT OF MORTGAGE

Queens, New York   REFERENCE #: 158121-A   "BARRIE"
INVESTOR #:
Assignment Prepared on: February 8th, 2019.

Assignor: BUCKS FINANCIAL V, LLC at 228 PARK AVE. S, #28282, NEW YORK, NY 10003.
Assignee: RCS Recovery Services, LLC at 600 Fairway Drive, Ste. 108, Deerfield Beach, FL 33441.

Executed By: MAMADU I . BARRIE To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR RELIABLE MORTGAGE BANKERS CORP., A NEW YORK CORPORATION, ITS SUCCESSORS
AND ASSIGNS
Date of Mortgage: 08/22/2006 Recorded: 10/03/2006 in Book/Reel/Liber: NA Page/Folio: NA as Instrument No.:
2006000553708 in Queens County , State of New York.

- Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR RELIABLE
MORTGAGE BANKERS CORP., A NEW YORK CORPORATION, ITS SUCCESSORS AND ASSIGNS TO BUCKS
FINANCIAL V, LLC  Dated: 05/26/2015 Document to be recorded concurrently herewith

District/Section/Block/Lot: -12992-28

Property Address: 135-18 CHENEY STREET, JAMAICA, NY  11434

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having
an original principal sum of $69,500.00 with interest, secured thereby, together with all moneys now owing or that
may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants
and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the
Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject
to the terms contained in said Mortgage.  IN WITNESS WHEREOF, the assignor has executed these presents the
day and year first above written.

BUCKS FINANCIAL V, LLC
On 02/08/2019

By: Sharon Mitchell
    Sharon Mitchell
    Assistant Vice President

STATE OF MO
COUNTY OF Stone

On 2-8-2019, before me, Jessica Brown, a Notary Public in and for
Stone County in the State of MO, personally appeared
Sharon Mitchell Assistant Vice President, personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed, signed, sealed, and delivered the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument, and that such individuals(s) made such
appearance before the undersigned in the County of Stone, State of
MO

WITNESS my hand and official seal,

Notary Expires 3/31/2022
State of Stone MO   County of Stone
    28

JESSICA BROWN
My Commission Expires
March 31, 2022
Stone County
Commission #14599817

(This area for notarial seal)

\*RUD\*RUDAMRC\*02/06/2019 02 00 00 PM\* AMRCR4AMRCA0000000000000000962812\* NYQUEEN\* 158121-A NYSTATE_MORT_ASSIGN_ASSN \*RUD\*RUDAMRC\*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2019111500663003001EB33F

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 2 |
|---|---|

| Document ID: 2019111500663003 | Document Date: 10-09-2019 | Preparation Date: 11-15-2019 |
|---|---|---|

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 1

**PRESENTER:**
RICHMOND MONROE
82 JIM LINEGAR LANE
BRANSON WEST, MO 65737
SUPPORT@SIMPLIFILE.COM

**RETURN TO:**
RICHMOND MONROE GROUP INC
PO BOX 458
KIMBERLING CITY, MO 65686
SUPPORT@SIMPLIFILE.COM

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 12992 | 28 | Entire Lot | 135-18 CHENEY STREET |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN: 2006000553708

**PARTIES**

**ASSIGNOR/OLD LENDER:**
RCS RECOVERY SERVICES LLC
600 FAIRWAY DRIVE, STE 108
DEERFIELD BEACH, FL 33441

**ASSIGNEE/NEW LENDER:**
WINDWARD BORA LLC
1688 MERIDIAN AVENUE, 7TH FLOOR
MIAMI BEACH, FL 33139

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 42.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        11-19-2019 10:22
City Register File No.(CRFN):
                    2019000376110

*Annette M Hill*

*City Register Official Signature*

Recording Requested By: *auel*

**When Recorded Return To:**
CROSBY CAPITAL, LLC/Keleena Ogo
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: 0008000000000189 / 158121

TS Ref #: 0008000000000145

## CORPORATE ASSIGNMENT OF MORTGAGE

NY/QUEENS

Assignment Prepared on October 09, 2019

**ASSIGNOR: RCS RECOVERY SERVICES, LLC**, at 600 FAIRWAY DRIVE, STE 108, DEERFIELD BEACH, FL, 33441

**ASSIGNEE:** Windward Bora LLC ~~Or Assigns~~, at 1637 Meridian Avenue, 7th Floor, Miami Beach, FL 33139

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated 8/22/2006, in the amount of $69,500.00, executed by MAMADU I. BARRIE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR RELIABLE MORTGAGE BANKERS CORP., A NEW YORK CORPORATION, ITS SUCCESSORS AND ASSIGNS and Recorded: 10/3/2006, Instrument #: 2006000553708 in QUEENS County, State of New York.

Property Address: 135-18 CHENEY STREET, JAMAICA, NY, 11434
Block: 12992 / Lot: 28

Document References:
- Assignment Dated: 5/26/2015 from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR RELIABLE MORTGAGE BANKERS CORP., A NEW YORK CORPORATION, ITS SUCCESSORS AND ASSIGNS to BUCKS FINANCIAL V, LLC To Be Recorded Concurrently.
- Assignment Dated: 2/8/2019 from BUCKS FINANCIAL V, LLC to
RCS Recovery Services, LLC _____ To Be Recorded Concurrently.

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

RCS RECOVERY SERVICES, LLC

On: 10/29/2019

By: _____
Name: Seth A M.H.
Title: Manager

STATE OF FLORIDA
COUNTY OF BROWARD

On 10/29/2019 _____, before me, NEKESHA PIERRE _____, a Notary Public in and for BROWARD in the State of FLORIDA _____, personally appeared SETH A MILLER, MANAGER _____, RCS RECOVERY SERVICES, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal,

_____
NEKESHA PIERRE
Notary Expires: 09/19/2023    /#: GG 915040

Notary Public State of Florida
Nekesha Pierre
My Commission GG 915040
Expires 09/19/2023

NY/QUEENS

EXHIBIT E

# THE MARGOLIN & WEINREB LAW GROUP, LLP

Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.
CYNTHIA A. NIERER, ESQ.

(516) 921-3838
FAX  (516) 921-3824
(516) 945-6055

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

NOTICE OF DEFAULT
*Via Certified Mail and First Class Mail*

September 30. 2019
7018 1830 0001 1839 2545
MAMADU I. BARRIE A/K/A MAMADU BARRIE
135-18 CHENEY STREET
JAMAICA, NY 11434

PROPERTY ADDRESS: 135-18 CHENEY STREET, JAMAICA, NY 11434

AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA:  Esta notificacion es de
suma importancia.  Puede afectar su derecho a continuar viviendo in su casa.  Si no entiende el
contenido, obtenga una traduccion immediatamente.

Dear Borrower:

**You are hereby notified that this letter is an attempt to collect a debt.  All information
obtained will be used for that purpose.**  This firm has been designated by Windward Bora,
LLC, the Creditor of the above-referenced loan (hereinafter referred to as "the Debt") to contact
you regarding the status of your account.  The Creditor (also called the Holder and Beneficiary)
has authorized the Servicer and this firm to act on its behalf regarding the collection of the Debt.
This firm is relying on information provided by such entities.  This firm makes no representation
as to the enforceability of the debt.  **Further notification pursuant to the Fair Debt Collection
Practices Act is provided further down**

The originating creditor of your loan is Reliable Mortgage Bankers, Corp.  Should you have any
questions to our firm, The Margolin & Weinreb Law Group, LLP, please contact us at 516-921-
3838.

Page Two

As of September 30, 2019, the following sums are in arrears:

| Interest | $46,390.19 |
|---|---|
| Total Arrears | $46,390.19 |

On or before October 30, 2019, you must submit payment by bank check, money order, or certified funds of the total arrears to: Windward Bora, LLC. Any payment(s) and late charge(s), that come due in the interim must also be included. Prior to submitting payment, you may wish to call Windward Bora, LLC to verify the exact amount.

Failure to correct the default by October 30, 2019 may result in acceleration of your loan. Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced. In foreclosure proceedings, we are entitled to collect the total debt in addition to any expenses and costs of the foreclosure including but not limited to reasonable attorneys' fees, where so provided by the terms of the mortgage. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure where possible. Creditor or another person may acquire the Property by means of foreclosure and sale. You have the right to assert in court the non-existence of a default, that you kept your promises and agreements under the mortgage and note or any other defense. After acceleration of the debt, but prior to the foreclosure sale, you may have the right to reinstate the mortgage loan, by payment of all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage.

If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. However, even if a discharge has been obtained, proceedings to foreclose the loan may still be brought.

IMPORTANT NOTICE TO SERVICEMEMBER AND THEIR DEPENDENTS
If you are a servicemember who is, or recently was, on "active duty" or "active service", or a dependent of such a servicemember, you may be entitled to certain legal rights and protections, including protection from foreclosure or eviction, pursuant to the Servicemembers Civil Relief Act (50 USC App. §§501-596), as amended (the SCRA) and possibly, certain similar state statutes. If you believe you may be entitled to rights and protections under SCRA, please contact us at 516-921-3838.

**If at any time, you make a request to this law firm not to be contacted by phone, we will not do so, except by legal action. NO PERSON IN THIS LAW OFFICE WILL GIVE YOU ANY LEGAL ADVICE.**

Page Three

## NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

1.      **The total amount of the Debt: $115,609.19. Remaining principal balance as of September 30, 2019 is $69,219.00 plus accrued interest of $46,390.19.**

2.      **Name of the creditor to whom the Debt is owed: Windward Bora, LLC.**

3.      **Unless you dispute the validity of the Debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the Debt is valid.**

4.      **If you notify us in writing within thirty (30) days after receipt of this Notice that the Debt or any portion thereof is disputed, we will obtain verification of the Debt or a copy of any judgment against you representing the Debt and a copy of such verification or judgment will be mailed to you from our office.**

5.      **Upon request in writing within thirty (30) days after receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the current creditor.**

**In the event that there is a manufactured house on the subject premises, should you be unable to bring your account current within thirty (30) days, it is hereby demanded that you turn same over to the Creditor.**

**Failure to being the loan current or turn over the above referenced manufactured home within thirty (30) days will be deemed a refusal to comply with the terms of this demand.**

**All communication about this matter must be made through writing except those specified in this letter.**

All payments must be made in **certified funds, cashier's check or money order(s)** payable to and mailed to Windward Bora, LLC, 1688 Meridian Ave, Miami Beach, FL 33139 phone number is 646-431-8370

If you are unable to bring your account current, you are urged to call Winward Bora, LLC immediately to discuss possible alternatives to foreclosure.

Respectfully,
The Margolin & Weinreb Law Group, LLP

Cc: Windward Bora, LLC

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

# OFFICIAL USE

Certified Mail Fee $ 3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage  $ .50

Total Postage and Fees  $ No. 50

Sent To  Mamadut Barrie

Street and Apt. No., or PO Box No.  135-18 Cherry Street

City, State, ZIP+4®  Jamaica, NY 11435

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 1830 0001 1639 2545

7016 1830 0001 1639 2545

|||||||||||||||||| CERTIFIED MAIL ||||||||||||||||||

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

---

### SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mamadu Barrie
135-18 Cherry St.
Jamaica, NY 11435

9590 9402 5100 9092 4021 21

2. Article Number (Transfer from service label)

### COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____   ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

SENT VIA REGULAR MAIL AND
CERTIFIED MAIL/RETURN RECEIPT REQUESTED

September 30, 2019

LOAN NO: 1
PROPERTY ADDRESS: 135-18 CHENEY STREET, JAMAICA, NY 11434

Dear Borrower(s):
  7018 1830 0001 1839 2538
MAMADU I. BARRIE A/K/A MAMADU BARRIE
135-18 CHENEY STREET
JAMAICA, NY 11434

YOU MAY BE AT RISK OF FORECLOSURE.  PLEASE READ THE
FOLLOWING NOTICE CAREFULLY.

As of September 30, 2019, your home loan is 2099 days and $46,390.19 dollars in
default.  Under New York State Law, we are required to send you this notice to
inform you that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling
agencies in your area which provide free counseling.  You can also call the NYS
Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free
consumer hotline to be connected to free housing counseling services in your area
at 1-855-HOME-456 (1-855-466-3456), or visit their website at
http://www.aghomehelp.com/.  A statewide listing by county is also available at
http://www.dfs.ny.gov/consumer/mortgnysnpcounselingagencies.htm.  Qualified
free help is available; watch out for companies or people who charge a fee for
these services.

Housing counselors from New York-based agencies listed on the website above are
trained to help homeowners who are having problems making their mortgage
payments and can help you find the best option for your situation.  If you wish, you
may also contact us directly at Windward Bora, LLC, (646) 431-8370 and ask to
discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we
encourage you to take immediate steps to try to achieve a resolution.  The longer
you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at (800) 269-0990 or visit the Department's website at http://www.dfs.ny.gov.

IMPORTANT:  You have the right to remain in your home until you receive a court order telling you to leave the property.  If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave.  You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings.  This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

| | | | | |
|---|---|---|---|---|
| Queens | Neighborhood Housing Services of Northern Queens | 60-20 Woodside Ave. Flushing, NY 11377 | 718-457-1017 | HOPP Spanish and French Creole speaking staff available |
| | Neighborhood Housing Services- Jamaica | 89-70 162nd St. Jamaica, NY 11432 | 718-291-7400 | HOPP Spanish speaking staff available |
| | CHHAYA | 37-43 77th St. Jackson Heights, NY 11372 | 718-478-3848 | HOPP Southeast Asian speaking Counselors on staff |
| | Grow Brooklyn, Inc. | 1474 Myrtle Ave. Brooklyn, NY 11237 | 718-418-8232 ext. 206 | HOPP Spanish and Bengali speaking staff available |
| | Rockaway Development and Revitilization Corp | 1920 Mott Ave., Second Floor Far Rockaway, NY 11691 | 718-327-5300 | HOPP |
| | Parodneck Foundation | 121 6th Ave., Suite 501 New York, NY 10013 | 212-431-9700 ext 391 | HOPP Spanish speaking staff available |
| | MHANY Management, Inc. | 2-4 Nevins St. Brooklyn, NY 11217 | 718-246-8080 ext 203 | HOPP Spanish speaking staff available |
| | NY Commission of Human Rights- Queens | 153-01 Jamaica Ave. Jamaica, NY 11432 | 718-657-2465 | Spanish speaking staff available |
| | GreenPath Debt Solutions | 80-02 Kew Gardens Road, Suite 710 Kew Gardens, NY 11415-3607 | 866-285-4036 | |
| | Queens Community House | 108-25 62nd Drive Forest Hills, NY 11375 | 718-592-5757 | |



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee      3.50
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $
Postage      $0.50
Total Postage and Fees     $ 6.80

Sent To   Mamadu Barrie
Street and Apt. No., or PO Box No.  135-18 Cherry St
City, State, ZIP+4   Jamaica, NY 11435

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7018 1830 0001 1899 2538
7018 1830 0001 1899 2538

CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mamadu Barrie
135-18 Cherry St
Jamaica, NY 11435

9590 9402 5100 9092 4021 14

2. Article Number (Transfer from service label)
7018 1830 0001 1899 2538

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                              ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

AFFIDAVIT OF MAILING

Property Address: 13518 CHENEY STREET, JAMAICA, NY 11434

STATE OF NEW YORK)
                  ) ss:
COUNTY OF NASSAU)

Maureen Prato, being duly sworn, deposes and says:

That I am not a party to the action, am over the age of 18 years and reside in Nassau County, New York.

That on September 30, 2019, deponent served the 30 day Demand Letter and the New York Statutory Notice by depositing a true copy by first class mail thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

MAMADU I. BARRIE A/K/A MAMADU BARRIE
135-18 CHENEY STREET
JAMAICA, NY 11434

Maureen Prato

Sworn to before me this 30th

Day of September, 2019

Notary Public

DINA MICHELE BOCCUZZI
Notary Public, State of New York
No. 01BO6278072
Qualified in Nassau County
Commission Expires March 18, 2021



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL.  The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : Windward Bora, LLC. |
| Address | : 1688 Meridian Avenue 6th Floor<br>  Miami Beach FL  33139 |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS5075507 |
| Mailing Date Step 1 | : 30-SEP-19 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 30-SEP-19 11.56.41.000 AM |
| Filing Date Step 1 Orig | : 30-SEP-19 11.54.31.000 AM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 135-18 CHENEY STREET  JAMAICA<br>  NY 11434 |
| County | : Queens |
| Date of Original Loan | : 22-AUG-06 12.00.00.000 AM |
| Amt of Original Loan | : 69500 |
| Loan Number Step 1 | : |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : Junior Lien |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No Modification |
| Days Delinquent | : Other |
| Borrower's Name | : MAMADU I BARRIE |
| Address | : 135-18 CHENEY STREET<br>  JAMAICA 11434 |
| Borrower's Phone No | : 0000000000 |
| Filing Status | : Step 1 Completed |

Sincerely,

New York State Department of Financial Services