# RICHLAND & FALKOWSKI, PLLC
### ATTORNEYS AT LAW

| QUEENS COUNTY OFFICE: | ORANGE COUNTY OFFICE: | PHONE: (212) 390-8872 |
|---|---|---|
| 35-37 36TH STREET, 2ND FLOOR | 5 FAIRLAWN DRIVE, SUITE 204 | FAX:     (212) 390-8873 |
| ASTORIA, NY 11106 | WASHINGTONVILLE, NY 10992 | EMAIL: drichland@rflegal.net |

October 12, 2021

<u>Via Electronic Filing</u>
Judge Eric Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, New York 11201

      RE:    *Windward Bora LLC v. Barrie*
              19-cv-07272-EK-RML
              **Request for Pre-Motion Conference for Leave to Move for Summary Judgment under FRCP Rule 56.**

Dear Judge Komitee:

      I represent the Defendant Mamadu Barrie ("Defendant") in the above referenced action, which is a New York state law mortgage foreclosure action premised upon diversity jurisdiction. I submit this letter to request a pre-motion conference for leave to seek summary judgment in favor of Defendant upon Plaintiff's first cause of action for mortgage foreclosure and upon Defendant's fifth and sixth affirmative defenses, *to wit*, that no sums are due upon the underlying note and mortgage. These are related inquiries.

      The applicable standard for summary judgment is that summary judgment should be granted when "the record supports a finding 'that there are no genuine issues of material fact and that the judgment is warranted as a matter of law.'" *Timbie v. Eli Lilly & Co.ˆ, 429* Fed. Apx. 20, 21 (2nd Cir. 2011). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Rokuson v. Century Empire Szechuan Rest. Inc.*, 12-cv-1615(WFK)(EDNY 2015) (citing *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2nd Cir. 2011)). "No genuine issue of material fact exists 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Id.* (citing *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2nd Cir. 2001)). Once the movant meets this *prima facie* showing, "the non-moving party must 'make a showing sufficient to establish the existence of [each] element to the party's case…since a complete failure or proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.'" *Id.* (citing *Celotext Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986)). "[I]f the evidence produced by the non-moving party 'is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986)).

Defendant is entitled to summary judgment on Plaintiff's cause of action for mortgage foreclosure because Plaintiff is unable to establish the third element of a claim of mortgage foreclosure: the default. "In order to demonstrate entitlement to a foreclosure, a plaintiff must demonstrate the following elements: 'the existence of an obligation secured by a mortgage, and a default on that obligation.'" *Wilmington PT Corp. v. Parker*, 19-cv-2380(DRH)(AKT) (EDNY March 20, 2020) (citations omitted).

There is no dispute that Plaintiff is asserting a January 1, 2014 default (ECF Dkt. 1 ¶ 12) or that Plaintiff only acquired the Note and Mortgage in September 2019, five years later. **Exhibit A**, ¶¶ 3-4 (September 12-20, 2019 for acquiring the Note and Mortgage). There is also no dispute that Plaintiff has no witnesses with personal knowledge of the January 1, 2014 default and can only establish the default by the submission of business records. *See, e.g. Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197, 204 (2nd Dept. 2019) (describing the admissibility of business records to prove a default in New York courts); **Exhibit A**, p. 8 LL 2-7.

Plaintiff has no admissible business records relative to a default on any date or as to the principal balance. WB000046 to WB000047, Plaintiff's "Loan Summary" was indisputably created by Plaintiff's counsel during the course of this litigation. **Exhibit B; Exhibit C**, p. 10 (Alyssa Kapner, Esq. admitting to creation of the Loan Summary). Similarly, WB000107 to WB000115, a "Loan Information Record" was indisputably modified by Plaintiff's counsel. **Exhibit D.** The Loan Information Record is also inadmissible because it is not Plaintiff's record, but a predecessor in interest's, of whose business practices Plaintiff has no knowledge. *See, e.g.* **Exhibit A**, p. 81 LL 15-25, p. 82 LL 2-25, p. 85, p. 1-25, p. 86 LL 2-9 (unable to explain why the last pay date is May 8, 2014 and the due date is January 1, 2014), p. 89 LL 2-11 (admitting to no knowledge of RCS Recovery Services' business practices), p. 89 LL 20-22 (Plaintiff's counsel admitting Eitan Korb is "not familiar with [RCS's] business records), p. 91 (Korb admitting no knowledge of when the spreadsheet was created, data entered, who last modified it), p. 92. As a matter of law, since both documents were created or modified by counsel during the course of this litigation, they are not business records under FRE Rule 803(6). *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2nd Cir. 1994). Simply put, Plaintiff is unable to make a *prima facie* showing of a default or that any sums are due to it.

Defendant's fifth and sixth affirmative defenses assert, *inter alia,* that "No debt is owed to Plaintiff on the loan underlying the mortgage" and "Payment, release, accord and/or satisfaction." Defendant has testified that he paid off this loan in late 2012 by an approximately $5,000.00 payment, which is unrefuted by Plaintiff. *See, e.g. Labella v. FBI*, 11-cv-0023(NGG)(LB) (EDNY March 16, 2012). Plaintiff has repeatedly failed to produce a payment history in this action despite demand during discovery. **Exhibit E,** ¶¶ 6-7**.** Plaintiff's lone witness admits to no knowledge, either personally or through business records, as to what sums are due. There is no dispute that Plaintiff cannot prove that *any* sums are due and, thus, cannot refute Defendant's *prima facie* showing that this loan was paid off in late 2012 by an approximately $5,000.00 payment to a prior servicer.

I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

*/s/ Daniel H. Richland*

Daniel H. Richland, Esq.