# RICHLAND & FALKOWSKI, PLLC
### ATTORNEYS AT LAW

QUEENS COUNTY OFFICE:  
35-37 36TH STREET, 2ND FLOOR  
ASTORIA, NY 11106

ORANGE COUNTY OFFICE:  
5 FAIRLAWN DRIVE, SUITE 204  
WASHINGTONVILLE, NY 10992

PHONE: (212) 390-8872  
FAX:      (212) 390-8873  
EMAIL: drichland@rflegal.net

February 16, 2022

<u>Via Electronic Filing</u>  
Judge Eric Komitee  
United States District Court, Eastern District of New York  
225 Cadman Plaza East, Courtroom 6G North  
Brooklyn, New York 11201

  RE: *Windward Bora LLC v. Barrie*  
     19-cv-07272-EK-RML  
     **Letter Regarding Subject Matter Jurisdiction**

Dear Judge Komitee:

  I represent the Defendant Mamadu Barrie ("Defendant") in the above referenced action, which is a New York state law mortgage foreclosure action premised upon diversity jurisdiction. I submit this letter as directed by the Court at the February 11, 2022 conference to present the Defendant's position regarding this Court's subject matter jurisdiction to hear this action.

  "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as may have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616-617 (2nd Cir. 2019) (citations omitted). Further, " 'It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of the evidence.'" *Id.* at 617. Plaintiff brought this action in diversity jurisdiction under 28 U.S.C. § 1332 and has asserted complete diversity in that: (i) Plaintiff is a Delaware limited liability company, (ii) Plaintiff's alleged sole member, Yonel Devico ("Devico"), a citizen of the Kingdom of Morocco, alleged to reside in Florida, and (iii) Defendant is a New York resident. ECF Dkt. No.: 1 ¶¶ 2 and 3. "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members" *Alvarez & Marshal Global Forensic & Dispute Servs., LLC v. Cohen-Cole,* 14-cv-290(JPO) (SDNY February 19, 2014). There is no dispute that Plaintiff is a Delaware limited liability company and that Defendant is a New York resident. The two outstanding issues are: (i) the actual membership of Plaintiff and (ii) whether the single, disclosed member, Devico, is in fact, a resident of Florida or New York.

  Fundamentally, there is a question mark as to the actual membership of Plaintiff. It is unknown how many *actual* members there are of Plaintiff as of December 30, 2019. In Complaint ¶ 2, Plaintiff averred that it had one member, Devico, who is a resident of Florida. ECF Dkt. No. 1 ¶ 2. During discovery, Plaintiff produced a single document to "establish" that Devico is a resident of Florida: a heavily redacted drivers license. **Exhibit A**. Yet, during this

proceeding, Plaintiff averred to this Court, on March 8, 2021, during a motion to disqualify me, that there were actually more members of Plaintiff. ECF Dkt. No. 26; **Exhibit B**. Plaintiff asserted that I had confidential information, from Devico, "regarding Plaintiff's business practices, residence of the members and locations of other properties owned by Plaintiff, all of which are extremely prejudicial." ECF Dkt. No. 26. The critical phrase used by Plaintiff here was "residence of the members" of Plaintiff and Plaintiff thus averred two specific facts: (i) that Devico had made me privy to the fact that there are or were multiple members of Plaintiff and (ii) that one or more of those members resided in New York. *Id.* As the plaintiff must disclose the members and their states of domicile to invoke diversity jurisdiction, such information could only be "prejudicial" or "confidential" if (i) there were multiple members of Plaintiff, (ii) they were undisclosed, and (iii) one or more was domiciled in New York. Plaintiff thereby cast doubt on its own invocation of diversity jurisdiction. I pointed this out in opposition and the Plaintiff's reply blithely ignored it. ECF Dkt. Nos. 44, 47. Hence, in the past year, Plaintiff has never withdrawn or addressed its admission that it has undisclosed additional members, one or more of whom may be New York residents.

The second issue is Devico's domicile. As noted, Devico is the sole disclosed member of Plaintiff. If Devico is the sole member, then his domicile determines the citizenship of Plaintiff and, thus, whether Plaintiff can invoke diversity jurisdiction in this Court. And, as noted, the burden lies upon Plaintiff to prove Devico is domiciled in Florida. To prove Devico's domicile, Plaintiff has produced a single document: Devico's Florida drivers license, heavily redacted. **Exhibit A.** "Because a person can have multiple residences, but only one domicile, 'allegations of residency alone cannot establish citizenship.'" *See, e.g. Levy v. Suissa*, 16-cv-2534(EK)(ARL) (EDNY March 19, 2021) (adopted by Your Honor June 11, 2021) (citation omitted). "In determining domicile '[f]actors frequently taken into account include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Id.* (citation o mitted). "Courts also consider 'whether a person owns or rents his place of residence, the nature of the residence (i.e. how permanent the living arrangement appears) . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.'" *Id.* (citations omitted). "No single factor is determinative, and courts must consider the 'totality of the evidence.'" *Id.* (citation omitted). In discovery, Plaintiff has produced a grand total of **one** document, and that heavily redacted, to establish that Devico is domiciled in Florida. **Exhibit A.** This is grossly insufficient in light of Devico's linkages to New York.

As noted, *supra,* it is Defendant's belief that Devico has manufactured a veneer of diversity in order to commence this and other actions in Federal Court in New York under diversity jurisdiction. Hence, one would expect public facing linkages between Devico and Florida. What this Court should be concerned with is where Devico actually resides. What emerges from the evidence is a plausible claim that Devico is, in fact, a New York resident.

Devico's principal entity is Crosby Capital USA LLC ("Crosby Capital"). **Exhibit C**. Crosby Capital maintains two offices: 60 Madison Avenue, 11th Floor, New York, New York

10010 and 1688 Meridian Avenue, 6th Floor, Miami Beach, Florida 33139.  **Exhibit D; Exhibit E**.  The Plaintiff "rents" its Florida office space from Crosby Capital for $0.00 per month.  **Exhibit E.**  Devico's email address is yonel@crosbycapitalusa.com and as far as can be ascertained, there is no separate corporate branding, email address or phone numbers for Plaintiff.  Crosby Capital's office number and fax numbers are both 646 numbers, which area code is used for the Bronx and parts of Manhattan.  Upon information and belief, Devico's cell phone number is also a 646 number.  Devico's employee, Eitan Korb, works from his home in France.  **Exhibit F**, p. 11-12 LL 24-25, 2 (last time Korb was in Florida office was November 2019); p. 12 LL 5-10 (Korb testifies he works from France).

Further, *prior* to the formation of Plaintiff, Devico admittedly resided at 885 Avenue of the Americas in Manhattan.  **Exhibit G,** Interrogatory Response No. 1; **Exhibit H** ¶ 31.  Contemporaneously with the formation of Plaintiff, Devico alleged he moved to Florida in September 2017.  *Id.* at Interrogatory Response Nos. 1, 2.  After allegedly moving to Florida, however, Devico swore on January 5, 2018, in a Satisfaction of Mortgage, that he resided at 885 Avenue of the Americas, Suite 39C, New York, New York 10001.  **Exhibit H** ¶ 31; **Exhibit I**.  Despite due demand for Plaintiff's documents regarding this address, Plaintiff produced *zero* documents, including, for example, Devico's lease for this apartment.  **Exhibit H** ¶ 31.  Hence, it is unknown if Devico continues to lease Suite 39C, etc. and this is a possible domicile for Devico.

An alternate domicile is 273 North Newbridge Road, Unit D2, Levittown, New York 11756.  On April 14, 2016, Devico purchased 273 North Newbridge Road, Unit D2, Levittown, New York 11756 in his personal name.  **Exhibit J**.  In conjunction with that transaction, Devico gave the Board of Managers a Power of Attorney swearing that he resided at 273 North Newbridge Road, Unit D2, Levittown, New York 11756.  **Exhibit K**.  Nearly a year after the commencement of this action, on December 2, 2020, Devico conveyed title to 273 North Newbridge Road, Unit D2, Levittown, New York 11756 to Levittown Condo LLC for no consideration.  **Exhibit L.**  Levittown Condo LLC, upon information and belief, is yet another Devico entity and uses the same office address as Plaintiff and Crosby Capital.

By contrast, Devico allegedly leases his asserted residence in Florida.  **Exhibit M; Exhibit N** ¶ 37; **Exhibit I** ¶ 37 (promising to produce Devico's lease).  Despite promising to produce Devico's lease, Plaintiff has never done so.

In examining the factors set forth in *Levy v. Suissa*, the Court will note that, despite demand, Plaintiff simply did not produce any relevant documents, intentionally.  **Exhibit M** ¶ 37 ("All documents concerning Yonel Devico and his residence in Florida").  The reasonable conclusion is that all Plaintiff has is Devico's drivers license and this is manifestly inadequate.  This issue cropped up during discovery and Plaintiff still did not produce anything.  ECF Dkt. No. 20, p. 2.

From this production, it is facially apparent that Plaintiff cannot establish, by a preponderance of the evidence, based on Plaintiff's existing production, that Devico is domiciled

in Florida.  As a result, this Court must conclude that it lacks subject matter jurisdiction and dismiss the action.

Finally, it must be noted that a deposition of Devico cannot and will not resolve this issue because Devico is an admitted liar, nigh perjurer.  Affidavits from Devico are unreliable simply because he is signing them and no Court should be considering, let alone relying, on anything he has to say in this or any other Court.

Specifically, Plaintiff was formed August 8, 2017.  **Exhibit G** ¶ 2.  Plaintiff subsequently recorded a Corporate Assignment of Mortgage dated June 18, 2015 for 195 E 39th Street, Brooklyn, New York 11203 for a second mortgage for $110,000.00 ("Paige AOM").  **Exhibit O**. Plaintiff also subsequently recorded a Corporate Assignment of Mortgage dated December 18, 2013 for 100-49 200th St., Hollis, New York 11423 for a second mortgage for $122,600.00 ("21st Mortgage AOM").  **Exhibit P**.  Obviously, Plaintiff could not have received *either* assignment of mortgage on the dates set forth therein because Plaintiff did not exist when the alleged assignment occurred.

In *Windward Bora, LLC v. Stuyvesant Construction Corp.,* 19-cv-07275 in the Eastern District of New York, Plaintiff sought foreclosure of the $110,000.00 mortgage, which action remains pending ("Stuyvesant Action").  After receiving discovery demands, Plaintiff commenced an action against the principal of Stuyvesant Construction Corp. in Florida claiming tortious interference with the same $110,000 mortgage ("Zavelina Action").  Predictably, Zavelina moved to dismiss the Zavelina Action for lack of personal jurisdiction since she did not live or reside in Florida.  In October 2020, as in this action, Plaintiff, verified by Devico, acknowledged in Interrogatory Responses its date of formation and that it acquired the Note and Mortgage in September 2019.  **Exhibit Q.**  In December 2020, Devico interposed an affidavit on behalf of Plaintiff in the Zavelina Action swearing that, "On July 18, 2015, the subject loan and loan documents (including the contract on which this case is based) were assigned to Windward Bora LLC."  **Exhibit R**.  Clearly, this sworn statement could not possibly be true and directly contradicted prior, sworn statements in Plaintiff's Interrogatories to the explicit contrary.  At Devico's deposition in *Stuyvesant Construction Corp.*, Devico admitted that the December 2020 affidavit was false.  **Exhibit S**, p. 97 LL 3-8, 15-21 ("So if they wrote that there, it's an innocent error"), p. 98 LL 13-22 (admitting that par. 4 of the December 2020 affidavit is false).

In *Windward Bora, LLC v. 21st Mortgage Corporation*, bearing Index No.: 701610/2020 in the Queens Supreme Court, Plaintiff commenced an action to vacate a filed Satisfaction of Mortgage.  The factual crux of Plaintiff's claim was that a Satisfaction of Mortgage was void because it was executed by a prior assignee with no interest in the mortgage when the Satisfaction of Mortgage was executed.  Plaintiff predicated its standing in this action upon its assignment of mortgage.  In opposing 21st Mortgage Corporation's motion to dismiss, Plaintiff's counsel averred, on June 4, 2020, that "The Mortgage was further assigned to the Plaintiff by assignment of mortgage dated December 18, 2013," relying on the 21st Mortgage AOM  **Exhibit T** ¶ 29. The Supreme Court relied upon this representation to deny 21st Mortgage Corporation's motion to dismiss, holding, "that the satisfaction of mortgage was recorded after plaintiff was

assigned the mortgage in 2013…" **Exhibit U**. Subsequently, Plaintiff moved for summary judgment in that action and Devico gave an affidavit in this case, swearing, falsely, "Plaintiff has owned the subject Note and Mortgage since December 18, 2013." **Exhibit V** ¶ 9. In fact, this statement was knowingly false. **Exhibit S**, p. 112 LL 8-10, 16 ("Q: Is it possible that Windward Bora owned the subject note and mortgage since December 18th, 2013? A: No.").

On top of these knowingly false statements, Devico gave fantastical testimony. Devico denied knowledge about his own educational history, work history, or participation in various podcasts[1] the prior year. **Exhibit S**, p. 140 LL 21-25, p. 141 LL 2-25, p. 142 LL 2-25, p. 143 LL 2-25, p. 144 LL 2-25, p. 145 LL 2-9. All of these podcasts are easily available through Youtube, and Devico testified that he could not recall *any* of them. I will not belabor the point, but Devico denied basic knowledge of most everything connected to his business or the Stuyvesant Construction Corp. loan.

At this juncture, the action should be dismissed for lack of diversity jurisdiction. In order for Plaintiff to meet its burden, Plaintiff would now need to produce the very documents that it has steadfastly refused to produce for the past two years. The Plaintiff deliberately charted a path of non-compliance as to both Devico's Florida and New York addresses throughout discovery and deliberately withheld responsive documents, even after Magistrate Judge Levy directed compliance. **Exhibit W.** Plaintiff must now reap what it has sown. Galatians 6:7; 2 Corinthians 9:6 ("But this I say, He which soweth sparingly shall reap also sparingly; and he which soweth bountifully shall reap also bountifully). Deposing Devico would not aid the Court as he is a liar, having made knowingly false sworn statements to courts.

I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

*/s/ D. L.*

Daniel H. Richland, Esq.

---

[1] The Jay Young Show Episode 69 | Yonel Devico - YouTube
Finding the Right Business influences with Yonel Devico - YouTube
The Path to 100m AUM & Beyond with Yonel Devico - YouTube
The Key to Underwriting your Real Estate Deals with Yonel Devico - YouTube
REDinNYC Event : Interview series with Rachael H. Grochowski & Yonel Devico - YouTube
Buying Loans & Charged Off Debt from Peer to Peer Marketplaces, Regional Banks & Other Secondary Sou - YouTube
The Future of Distressed Debt Financing Amidst Covid-19 - YouTube