# RICHLAND & FALKOWSKI, PLLC
ATTORNEYS AT LAW

| QUEENS COUNTY OFFICE: | ORANGE COUNTY OFFICE: | PHONE: (212) 390-8872 |
|---|---|---|
| 35-37 36TH STREET, 2ND FLOOR | 5 FAIRLAWN DRIVE, SUITE 204 | FAX: (212) 390-8873 |
| ASTORIA, NY 11106 | WASHINGTONVILLE, NY 10992 | EMAIL: drichland@rflegal.net |

September 23, 2022

Via Electronic Filing
Judge Eric Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, New York 11201

>     RE:   *Windward Bora LLC v. Barrie*
>           19-cv-07272-EK-RML
>           **Withdrawal of Motion to Dismiss for Lack of Subject Matter Jurisdiction and Ninth Affirmative Defense**

Dear Judge Komitee:

I represent the Defendant Mamadu Barrie ("Defendant") in the above referenced action, which is a New York state law mortgage foreclosure action premised upon diversity (alienage) jurisdiction. I submit this letter in response to Plaintiff's filing yesterday of Yonel Devico's ("Devico") Certificate of Naturalization.

After reviewing the Certificate of Naturalization, Defendant acknowledges that this Court has subject matter jurisdiction of this action due to Devico's alienage at the commencement of this action and hereby withdraws the pending motion to dismiss for lack of subject matter jurisdiction. ECF Dkt. No. 50. Defendant notes that *Tagger v. Strauss Group Ltd.* constitutes a change in law and was decided on February 27, 2020, two weeks after Defendant filed his answer. 951 F.3d 124 (2nd Cir. 2020); ECF Dkt. No. 12. Since *Tagger* holds that a permanent resident is considered to be a citizen of a foreign state, not a citizen of the state of permanent residence, Plaintiff was a Moroccan limited liability company for diversity jurisdiction purposes at the commencement of this action on December 30, 2019. Accordingly, Defendant also withdraws his Ninth Affirmative Defense.

However, I wish to note that the certificate filed by Plaintiff raises two new issues. First, it is undisputed that the Certificate of Naturalization filed by Plaintiff yesterday states that Devico became a United States citizen on July 20, 2022. To the best of my recollection, Mr. Hasbani, Plaintiff's counsel, affirmatively represented to the Court that Devico became a United States citizen on June 24 of an unknown year, which was memorable to Mr. Hasbani because that was the same day Mr. Hasbani came to the United States, according to Mr. Hasbani. It is certainly possible that I am in error over the date Mr. Hasbani orally represented to the Court, but my recollection was June 24, not July 20. My ultimate concern is over the provision of false statements to the Court.

This naturally leads to the second point, the "Plaintiff's E.D.N.Y. Local Civil Rule 56.1 Counterstatement of Undisputed Material Facts as to Which There is No Genuine Issue to be True" **dated April 27, 2022** (emphasis added, efiled as ECF Dkt. No. 60-3 and referred to herein as "Counterstatement"), specifically, ¶ 2. As discussed extensively at oral argument, Counterstatement ¶ 2 states, "Plaintiff's single member is an individual who is a citizen of the United States of America and domiciled in the State of Florida." As the Counterstatement predates Devico's citizenship by nearly 90 days, Counterstatement ¶ 2 is a false statement of material fact. While that paragraph has now been rendered irrelevant, it begs the twin questions of (i) why/how the Plaintiff's Counterstatement contains *any* false statements of material fact and (ii) what other false statements of material fact are contained therein. These are questions Plaintiff's counsel should concretely and specifically answer to the Court, as a matter of ethics. Moreover, regardless of those answers, as the Plaintiff's Counterstatement is largely devoid of evidentiary citations, in violation of FRCP Rule 56(c), (e) and Local Civil Rule 56.1(b),(d), and was untimely filed, in violation of Local Civil Rule 56.1(a), coupled with the supplementary fact that at least one statement in the Counterstatement is false, it begs the question as to whether the Counterstatement can or should be considered at all by the Court. At this juncture and based on these points, the Court would be well within its discretion in simply disregarding the Counterstatement in its entirety on the twin motions for summary judgment.

I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

Daniel H. Richland, Esq.