```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  WINDWARD BORA, LLC,

                         Plaintiff,          MEMORANDUM & ORDER
                                             19-CV-7272(EK)(MMH)
              -against-

  MAMADU I BARRIE,

                         Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Windward Bora, LLC filed this diversity action against defendant Mamadu Barrie, seeking to foreclose on Barrie's home.  Before the Court is Barrie's motion to dismiss the action for lack of subject-matter jurisdiction.  Barrie argues, specifically, that diversity is lacking because both Windward Bora and Barrie are New York citizens.  This argument is incorrect as a matter of law; under the diversity jurisdiction statute (and the undisputed facts), Windward Bora is a Moroccan citizen.  Accordingly, Barrie's motion is denied.[1]

---

[1] Following Windward Bora's submission of Yonel Devico's Certificate of Naturalization, ECF No. 65-1, Barrie withdrew his motion.  Def.'s Letter dated September 23, 2022, ECF No. 66.  Regardless, however, I explain the basis for jurisdiction here, given the Court's obligation to examine its subject-matter jurisdiction *sua sponte*.  *E.g.*, *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

I. **Background**

Windward Bora filed this action in December 2019. Verified Compl. ("Compl."), ECF No. 1. The Complaint levies no cause of action based in federal law. It seeks, instead, to foreclose under state law on a mortgage securing a note that was assigned to Windward Bora in 2019. *Id.* ¶¶ 7–18. Windward Bora alleges that the principal, interest, and late charges outstanding on the note totaled more than $115,000 as of September 2019. *Id.* ¶ 16(a).

In February 2022, Barrie filed a motion to dismiss the action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Letter Regarding Subject Matter Jurisdiction ("Def. Mot."), ECF No. 50. Windward Bora filed a response. Pl.'s Letter dated March 2, 2022 ("Pl. Opp'n"), ECF No. 52. I held oral argument on June 7, 2022. Minute Entry, ECF No. 63.

II. **Legal Standards**

Federal courts possess limited jurisdiction and are "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir.

1994).[2]  Cases involving diversity of citizenship are governed by 28 U.S.C. § 1332(a).  As relevant here, that statute grants jurisdiction over any civil action where the amount-in-controversy exceeds $75,000 and the action involves "citizens of a State," on the one hand, and "citizens or subjects of a foreign state," on the other.  *Id.* § 1332(a)(2).

As a general rule, courts examine citizenship at the time the action was commenced.  *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).  A plaintiff typically bears the burden of proving diverse citizenship by a preponderance of the evidence.  *E.g.*, *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 56 n.3 (2d Cir. 2019).

### III.  Discussion

The parties do not dispute that Barrie is a New York citizen.  *See* Compl. ¶ 3; Def. Mot. 1.  Windward Bora alleges that its sole member is Yonel Devico, a natural person.  Compl. ¶ 2; Pl. Opp'n 5-7.  As a limited liability company, Windward Bora's citizenship is thus determined by reference to Devico's.  Compl. ¶ 2; *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

liability company . . . takes the citizenship of each of its members.").

A. **Devico's Citizenship**

In its Complaint, Windward Bora alleged that Devico was (at least as of the date of that Complaint) a citizen of Morocco. Compl. ¶ 2. The Complaint also alleged that Devico was admitted for permanent residence in the United States, *id.*, but was not a U.S. citizen.

As proof of Devico's permanent resident status, Windward Bora subsequently submitted a printout from the U.S. Customs and Border Protection website, dated July 17, 2017, indicating that he most recently was admitted to the United States on an H-1B visa with a Moroccan passport. Most Recent I-94, at 26, ECF No. 52-4.[3] Later, however, in its Counterstatement of Material Facts — filed in conjunction with the pending motion for summary judgment in this case, and dated April 27, 2022 — Windward Bora described Devico's citizenship differently. The Counterstatement asserted that Devico "is an individual who is a citizen of the United States of America and domiciled in the State of Florida." Pl.'s Counterstatement of Material Facts ¶ 2, ECF No. 60-3.

---

[3] Page numbers in citations to record documents refer to ECF pagination rather than the documents' native page numbers.

4

I convened another conference to resolve this apparent inconsistency. There, Windward Bora's counsel clarified that Devico became a U.S. citizen after the Complaint was filed in this case; counsel later submitted Devico's Certificate of Naturalization showing that he obtained U.S. citizenship on July 20, 2022. ECF No. 65-1. This establishes by a preponderance of the evidence that as of the date the Complaint was filed, Devico was a citizen of Morocco.

Accordingly, as a lawful permanent resident, Devico was (at the time of Windward Bora's Complaint) "an alien for the purposes of diversity jurisdiction." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam), *cert. denied,* 141 S. Ct. 1073 (2021), *reh'g denied,* 141 S. Ct. 1530 (2021). It is also clear that, as a non-citizen of the United States, he could not have been resident in any State. *See, e.g.*, *Hamilton v. Accu-Tek*, 13 F. Supp. 2d 366, 369 (E.D.N.Y. 1998) ("For purposes of diversity, state citizenship has two components: (1) citizenship in the United States and (2) domicile in a state."); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 725 (S.D.N.Y. 2003) ("A citizen of a state, within the meaning of section 1332, is a person domiciled within that state who is a citizen of the United States."). It therefore follows that Windward Bora, too,

5

is a citizen of Morocco. *See Bayerische Landesbank*, 692 F.3d at 49.

**B.  Devico's Domicile**

In his moving papers, Barrie pointed to Devico's domicile, which he alleges to be New York (not Florida). As counsel conceded at oral argument, however, Barrie's argument fails *even if* he is correct that Devico is domiciled in New York. This is because of an inconsistency between (a) the manner in which the domicile of a permanent resident factors in the diversity analysis when the permanent resident himself or herself is a party, and (b) the diversity analysis when the permanent resident is the sole member of an LLC that is a party.

When a permanent resident is a party, diversity is lacking if he or she is *domiciled* in the same state as any opposing party. This is because of the carveout to diversity jurisdiction in the last clause of 28 U.S.C. § 1332(a)(2), which provides that district courts "shall not have original jurisdiction under this subsection of an action between citizens of a state and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States *and are domiciled* in the same State." (Emphasis added.) Under this exception, if Devico had — in his personal capacity — sued Barrie, and Devico was indeed a domiciliary of New York, there would be no jurisdiction here.

6

When the permanent resident is the sole member of a party-LLC, the analysis is different, in that LLCs take on the *citizenship*, rather than domicile, of their members. This rule emerges from the case law rather than from Title 28. *See Bayerische Landesbank*, 692 F.3d at 49 ("[A] limited liability company . . . takes the *citizenship* of each of its members." (emphasis added)); *see also* 13F Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3630.1, Westlaw (3d ed. Apr. 2022 Update) ("[F]ederal courts have considered the citizenship of members of limited liability companies . . . ."). The case law firmly establishes the rule that the citizenship of a single-member LLC is measured by reference to the citizenship of that member. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160-61 (2d Cir. 1998) (unincorporated association takes the citizenship of its members); *see also Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016) (where all members of an unincorporated association were foreign citizens, the association, too, was a foreign citizen for purposes of diversity jurisdiction); *Rigel v. Rosewood Hotels & Resorts, L.L.C.*, No. 3:14-CV-3360-M, 2014 WL 6991331, at *3 (N.D. Tex. Dec. 11, 2014) (alienage jurisdiction proper where New York citizens sued an LLC, the sole member of which was a foreign corporation). And because

7

Devico is a citizen of Morocco, so too is Windward Bora — regardless of Devico's domicile.

**C.   Windward Bora's Membership**

Barrie also questioned Windward Bora's assertion that it has only one member.  Def. Mot. 1-2.  He argues that it remains "unknown how many *actual* members there are" of the Plaintiff LLC.  *Id.*  But Windward Bora has shown by a preponderance of the evidence that it has one member — Devico, a citizen of Morocco — and thus that subject-matter jurisdiction exists.

Barrie points to a motion to disqualify his counsel, filed by Windward Bora, that argued that Barrie's counsel likely had "access to information regarding Plaintiff's business practices, residence of the *members* and location of other properties owned by Plaintiff."  Mot. to Relieve Def.'s Counsel 3 (emphasis added), ECF No. 26.

In response, Windward Bora's counsel argues that the plural form in that motion was a mere "typographical error." Pl. Opp'n 7.  In support, Windward Bora submitted its operating agreement, which shows that Devico has a 100% interest in Windward Bora.  See Operating Agreement of Windward Bora, LLC 53, ECF No. 52-4.  Barrie has suggested no reason to doubt the authenticity of this document.  Given this explanation, the Court is satisfied that Windward Bora has one member.  *See*

*McCrory v. Adm'r of Fed. Emergency Mgmt. Agency*, 600 F. App'x 807, 808 (2d Cir. 2015) ("In resolving the question of subject matter jurisdiction, the district court can refer to evidence outside the pleadings . . . ."). Consequently, this action involves a suit between a citizen of a State (New York) and a citizen of a foreign state (Morocco), and thus alienage jurisdiction under 28 U.S.C. § 1332(a)(2) is proper.

### IV. Conclusion

For these reasons, Barrie's motion to dismiss this case for lack of subject-matter jurisdiction is denied. The parties' pending motions for summary judgment are respectfully referred to Judge Henry for a Report and Recommendation.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 27, 2022
         Brooklyn, New York

9