```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  WINDWARD BORA LLC,

                     Plaintiff,                 MEMORANDUM & ORDER
                                                19-CV-7272 (EK)(MMH)

           -against-

  MAMDAU I. BARRIE,

                     Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Judge Henry's report and recommendation in this case. ECF No. 70. As noted therein, Defendant Barrie has asserted, as an affirmative defense, that he did not receive the notice contemplated by Section 1304 of the New York Real Property Actions and Proceedings Law ("Section 1304") prior to Windward Bora initiating this foreclosure action. *See id.* at 19. Windward Bora responds that (1) it did provide that notice, and (2) Barrie was, in any event, not entitled to such notice because he incurred the loan for commercial purposes (specifically, opening a restaurant), rather than the "personal, family, or household purposes" required by Section 1304. *See id.*

"As an initial matter, it is not at all clear that [S]ection 1304 compliance is an affirmative defense, as opposed to an element of a foreclosure claim that must be pled."

*Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 465 (E.D.N.Y. 2022).[1] Indeed, the Second Circuit has held that compliance with Section 1304 is a "condition precedent to the commencement of a foreclosure action," and that the plaintiff has the "burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021).

This would suggest that Windward Bora carries the burden of establishing that Section 1304 has either been satisfied, or does not apply to the loan in question. *Id.* Section 1304 applies to "home loan[s]," *see* N.Y. Real Prop. Acts. Law § 1304, and defines a home loan as one that, among other things, is "incurred by the borrower primarily for personal, family, or household purposes." *Id.* § 1304(6)(a)(1)(ii). Practically, this means Windward Bora must produce evidence showing that Barrie used the loan proceeds "primarily" for such purposes. 10A Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2727.1 (4th ed.) ("Rule 56 first imposes a burden of production on the moving party to make a prima facie showing that it is entitled to summary judgment.").

If Windward Bora carries that burden of production, then Barrie must counter with "specific facts showing that there

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If Barrie cannot identify any evidence that he incurred the loan for personal, family, or household use, then Windward Bora is entitled to summary judgment, assuming it met the initial burden of production. *Id.*

Here, Windward Bora appears to have met its burden of production. It has come forward with evidence that Barrie used the loan proceeds for a commercial purpose — opening a restaurant. *See, e.g.*, Barrie Dep. 16:2-5, ECF No. 55-9 (Barrie testifying that he used loan proceeds to open a restaurant); Def.'s Rule 56.1 Statement ¶ 5, ECF No. 56-3 ("Defendant used the funds to open a restaurant, Mama Africa Restaurant in Jamaica, Queens."). In response, Barrie has pointed to no evidence — not even his own testimony — suggesting that he incurred the loan for one of the purposes covered by Section 1304.

The R&R acknowledged Windward Bora's evidence, but observed that it was not clear that Barrie had used *all* of the loan proceeds to start a restaurant. *See* ECF No. 70, at 20. Notwithstanding this analysis, the Court is considering granting summary judgment to Windward Bora as to the non-applicability of Section 1304. The statute applies only when a borrower incurs a loan "primarily" for personal, family, or household use. N.Y. Real Prop. Acts. Law § 1304(6)(a)(1)(ii). So, New York courts

3

have required at least *some* record evidence of personal, family, or household use before identifying a genuine factual dispute as to Section 1304's applicability.

For instance, in *Aurora Loan Services LLC v. Komarovksy*, the Second Department denied summary judgment after the defendant averred that he used "a portion of the [loan] proceeds . . . to perform repairs on the subject premises," while also suggesting to the originator that the loan was being incurred "for investment purposes." 151 A.D.3d 924, 928 (2d Dep't 2017); *see also Tuthill Finance v. Candlin*, 129 A.D.3d 1375, 1376 (3d Dep't 2015).

By contrast, in *Pritchard v. Curtis*, the Third Department affirmed the lower court's grant of summary judgment and subsequent denial of a motion to vacate the judgment of foreclosure. 101 A.D.3d 1502 (3d Dep't 2012). While affirming its jurisdiction, the Appellate Division nodded at the merits of the Section 1304 issue, stating that the notice requirement was no bar to summary judgment because of the "evidence, including [defendant] Curtis' testimony, that the debt was incurred for use in her business rather than primarily for personal, family or household purposes." *Id.* at 1504 n.1; *see also Wells Fargo Bank, N.A. v. Ranalli*, 236 A.D.3d 714, 715-16 (2d Dep't 2025).

Given the foregoing, the parties are directed as follows: on or before June 20, both parties should submit

4

letters directing the Court to any evidence in the *existing* record that they believe is relevant to the Section 1304 analysis.  The letters should be three pages or fewer, and may contain argument concerning the allocation of the parties' burdens on this issue at summary judgment and the extent to which they have (or have not) carried those burdens.  No additional evidence should be submitted.

       SO ORDERED.

                                     /s/ Eric Komitee
                                     ERIC KOMITEE
                                     United States District Judge

Dated:    May 31, 2025
           Brooklyn, New York