# RICHLAND & FALKOWSKI, PLLC
A T T O R N E Y S   A T   L A W

QUEENS COUNTY OFFICE:
28-07 JACKSON AVE 5TH FL
LONG ISL. CITY, NY 11101

ORANGE COUNTY OFFICE:
5 FAIRLAWN DRIVE, SUITE 204
WASHINGTONVILLE, NY 10992

PHONE: (212) 390-8872
FAX:     (212) 390-8873
EMAIL: drichland@rflegal.net

June 20, 2025

Via Electronic Filing
Judge Eric Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, New York 11201

      RE:    *Windward Bora LLC v. Barrie*
               19-cv-07272-EK-RML
               **Letter Regarding Application of NY RPAPL § 1304**

Dear Judge Komitee:

      I represent the Defendant Mamadu Barrie ("Defendant") in the above referenced action, which is a New York state law mortgage foreclosure action. I submit this letter as directed by the Court on May 31, 2025 with respect to the alleged inapplicability of NY RPAPL § 1304. Plaintiff failed to make a *prima facie* showing of NY RPAPL § 1304's inapplicability by failing to show why Defendant incurred the loan, which, in fact, was to shift from a subprime adjustable rate mortgage to a fixed rate. The subsequent use, by the Defendant, of some of the proceeds to open a restaurant is a red herring since wanting to shift from a subprime adjustable rate to a fixed rate would *ipso facto* be a "personal, family, or household purpose" under NY RPAPL § 1304. It is the Defendant's position that, at a minimum, there remains a genuine issue of material fact as to the applicability of NY RPAPL § 1304 requiring a trial.

      The Court's Order dated May 31, 2025 states that "Windward Bora appears to have met its burden of production" by reference to Defendant's deposition where he indicated that he ultimately used some of the funds to open a restaurant. ECF Dkt. No. 72, p. 3. However, Defendant did not testify that he <u>incurred</u> the debt to open a restaurant. Rather, the Defendant's deposition testimony, in response to "why did you refinance the property" was that, "I was on a subprime mortgage. It was a variable rate. So they changed it to make a fixed rate loan." ECF Dkt. No. 55-9, p. 15 LL 21-25. This was a "personal, family or household purpose" squarely within the ambit of NY RPAPL § 1304.

      On the motion for summary judgment, Plaintiff bore the burden of establishing compliance, or the inapplicability of NY RPAPL § 1304. *See, e.g. Wells Fargo Bank, National Association v. Rodriguez*, 210 A.D.3d 728, 730 (2nd Dept. 2022) ("Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304") (citing *JPMorgan Chase v. Twersky*, 202 A.D.3d 769, 770 (quoting *U.S. Bank Trust, N.A. v. Sadique*, 178 A.D.3d 984, 985)).

Plaintiff did not argue in its moving papers that NY RPAPL § 1304 was inapplicable, but, rather, that Plaintiff had fully and completely complied with it. *See, e.g.* ECF Dkt. No. 55-10, p. 18 ("Plaintiff established its compliance with RPAPL § 1304…"). The issue of applicability of NY RPAPL § 1304 was only raised in opposition to Defendant's motion for summary judgment and, with respect to Plaintiff's motion, for the first time on reply, when Defendant could not respond. ECF Dkt. No. 60-4, pp. 7-9. Hence, this issue was cursorily briefed on the two motions for summary judgment and, then, only in reply.

Plaintiff did not make its *prima facie* showing because Plaintiff did not establish that Defendant *incurred* the debt for a business purpose. Whether or not a loan is a "home loan" rests on the reason why it was incurred at origination. A lender can demonstrate the non-applicability of NY RPAPL § 1304 by admission or through the submission of the original loan application. Where there is any doubt, the New York courts favor a trial on the applicability of NY RPAPL § 1304.

Hence, in *Flushing Savings Bank v. Latham*, the loan documents "described the subject premises as a '1-3 family with store/office.'" 139 A.D.3d 663, 664 (2nd Dept. 2016). "The loan and mortgage documents also indicated that the defendant did not reside at the subject premises, but instead resided at another address in Brooklyn." *Id.* Nevertheless, there were "triable issues of fact as to whether the debt was incurred by the defendant 'primarily for personal, family, or household purposes". *Id.*

In *Tuthill Finance v. Candlin*, the Third Department similarly found triable issues of material fact on whether a loan was incurred primarily for personal, family, or household purposes. 129 A.D.3d 1375, 1376 (3rd Dept. 2015). The loan there was on a 31-acre parcel that included a horse farm and single-family home. *Id.* at 1375. "This was a mixed use property where decedent operated an equine business but also lived on the property in a single-family house with his family." *Id.* at 1376. "The loan does not indicate that the funds were being provided for a business purpose, and the mortgage incorporated language typically used in residential mortgages." *Id.*

In *Aurora Loan Services, LLC v. Komarovsky*, the Second Department also found triable issues of fact. 151 A.D.3d 924, 928 (2nd Dept. 2017). The defendants there demonstrated that one borrower had lived at the property and the other used "a portion of the proceeds" "to perform repairs…and for other personal and family uses." *Id.*

By contrast, when a lender introduces a loan application showing the commercial purpose of the loan and the non-residency of the borrower, New York Courts hold that NY RPAPL § 1304 does not apply. *See, e.g. Wells Fargo Bank, N.A. v. Berkovits*, 143 A.D.3d 696 (2nd Dept. 20160 (loan documents showed commercial purpose); *Vanderbilt Mortgage and Finance, Inc. v. Ammon*, 179 A.D.3d 1138, 1141 (2nd Dept. 2020) (loan taken out to refinance multi-unit rental/investment property in which borrower did not reside not home loan); *Wells Fargo Bank, N.A. v. Ranalli*, 236 A.D.3d 714, 714-715 (2nd Dept. 2025) (defendant checked "investment" box on loan application). Alternately, when the borrower admits that the loan was <u>incurred</u> for a commercial purpose, New

York courts will hold that the loan is not a "home loan" under NY RPAPL § 1304. *See Pritchard v. Curtis*, 101 A.D.3d 1502 (3rd Dept. 2012) (see FN1).

Here, the Plaintiff failed to establish that the instant loan was not incurred for personal, family, or household purposes at the time of origination as Defendant did not so testify and Plaintiff did not introduce the loan application or any evidence of Defendant's intent at origination.

Factually, the Note and Mortgage here are dated August 22, 2006. *See* ECF 55-3, pp. 12-30. Nothing in those instruments suggests that the loan was made for any purpose other than Defendant's personal, family, or household purposes. *Id.* Nor is there any evidence that the original lender received a UCC-1 Financing Statement for any business collateral being secured by the debt, as would be expected if the loan had been intended for a business use.

At the time of origination, Defendant had just closed a business and was unemployed. ECF Dkt. No. 55-9, p. 39 LL 4-25, p. 40 LL 2-7. At his deposition, Defendant explained that his purpose in refinancing was to change his adjustable rate mortgage to a fixed rate. *Id.* at p. 15 LL 21-25. Defendant did not immediately open his restaurant, but, rather, would later do so in 2007, at least four months after the making of this loan. *Id.*, L 19. So while Defendant ultimately used some of the money to start a restaurant in the following year, that does not establish *prima facie* that Defendant incurred the debt for a purpose that was not "personal, family, or household." *Candlin*, 129 A.D.3d at 1376.

At a minimum, this record establishes that there remains a genuine issue of material fact as to the applicability of NY RPAPL § 1304. The Court's analysis on page 4 of the Order is erroneous insofar as it appears to shift the burden of proof from Plaintiff to Defendant. The Plaintiff was required to *prima facie* establish that the loan was incurred for a purpose other than Defendant's personal, family, or household. The Plaintiff did not do so since the language cited by Plaintiff and the Court did not address *why* Defendant incurred the loan, but rather how he used some portion of the proceeds. Defendant's testimony actually established that he incurred the debt to change from an adjustable to a fixed rate mortgage, not to start a business. ECF Dkt. No. 55-9, p. 15 LL 21-25. This is indisputably a personal, family or household purpose squarely within the ambit of NY RPAPL § 1304.

I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

*D. [signature]*

Daniel H. Richland, Esq.